ALEXANDER YOUNG, Sheriff, &c. plaintiff in error, *v.* BEN-
JAMIN H. CAMPBELL *et al.*, defendants in error.

*Motion to dismiss a Writ of Error.*

Where a party in interest in a bond taken from the defendants in an attachment
suit, usually called a forthcoming bond, caused a suit thereon to be brought
in the name of the sheriff to whom the bond was executed, without his knowl-
edge or consent, and afterwards sued out a writ of error in his name, the Su-
preme Court ordered that the writ be dismissed unless indemnity was given
to the sheriff against all costs that might accrue on the writ of error, by a day
stated.

MOTION to dismiss a writ of error.   In this case, Alexan-
der Young, named as plaintiff in error in the above suit, filed
the, following affidavit:

"State of Illinois,     &rcub;
Jo Daviess County. &rbrace;    Alexander Young being duly sworn,
states that he was formerly sheriff of Jo Daviess county and
is the plaintiff in error in the suit which he understands is now
pending in the Supreme Court of Illinois, entitled Alexander
Young, sheriff, &c. *v.* Benjamin H. Campbell and William
Hempstead, impleaded, &c. which writ is taken up from the
Circuit Court of Jo Daviess county.   That he never author-
ized or instructed the said suit to be brought, and never knew
that there was such a suit brought or pending in the Circuit
Court of Jo Daviess county until after judgment for costs
was rendered against him in the said Circuit Court.   That
upon an inspection of the papers in the cause he finds that it
was a suit brought in his name in the Circuit Court of said
county, on the 8th day of October, A. D. 1846, by Messrs.
Pratt & Higgins, attorneys at law, founded, as it appears by
the declaration filed on that day, on a certain writing oblig-
atory given by the defendants to this affiant, while he was
acting as sheriff of Jo Daviess county, and to his successors
in office, said bond bearing date, August 7th, 1843.

This affiant further states, that he has not been sheriff of
Jo Daviess county since some time in April or May, A. D.
1845, having at that time resigned the said office of Sheriff.

Young *v.* Campbell *et al.*

He further states that at the time the said suit was brought in the Circuit Court of Jo Daviess county and long before, he was a resident of Jo Daviess county, living but a short distance from Galena; and he was in the habit of almost daily visiting Galena, and that he frequently and repeatedly saw the attorneys of the plaintiffs about the time the suit was brought, and for many months before, and he would willingly and cheerfully, at any time, upon request, have assigned the said writing obligatory to the original plaintiff in the attachment suit, (Hugh F. Laird,) who is now living and residing but a few miles from Galena, but no application has ever been made to him by any person whatsoever, to assign the said bond.

He states, also, that Mr. Pratt was employed in the said original suit of attachment of *Laird* v. *Thayer*, for the plaintiff long before its final determination and when judgment was finally rendered. He has recently learned, very much to his surprise, that Mr. Pratt has taken the case up to the Supreme Court of the State, which has been done without his knowledge and against his wishes, and he therefore asks that the case be dismissed.

He adds, in conclusion, that having long been out of office, and there being a sheriff of Jo Daviess county, duly elected and qualified, when this suit, now pending in the Supreme Court, was brought in the Circuit Court; and having no interest whatsoever in the matter, he cannot comprehend by what right, or under what necessity, his name has been used in the circumstances of this case, without his authority or knowledge, and contrary to his wishes.

(signed)

Alex'r Young."

"Sworn to and subscribed before me, this 18th day of December, A. D. 1847, as witness my hand and the seal of the Circuit Court of Jo Daviess county, Illinois.

Attest,

[Seal]                    Wm. H. Bradley, Clerk."

The original writ in this case commanded the defendants

to answer "Alexander Young, sheriff, &c." The declaration commenced in these words: "Alexander Young, sheriff, &c. who sues for the use of———." The defendants demurred to the declaration, and the demurrer was sustained by the Court below. The plaintiff, by his attorney, excepted, and electing to abide by the demurrer, the defendants moved for judgment thereon, when a judgment was rendered against the plaintiff for costs.

A writ of error was sued out as aforesaid. The motion in this Court was argued *ex parte* by

*C. Gilman*, for the plaintiff in error, who contended that the writ should be dismissed, *first*, because it was sued out without his knowledge and consent, and *secondly*, because the statute did not authorize a suit upon such an instrument.

He contended that the case was not to be regarded in the same light as a suit upon a replevin bond. In the latter case, on condition broken, "the sheriff, or plaintiff, in *the name of the sheriff to his own use*," may bring suit. Rev. Stat. ch. 88, § 7, p. 434. In cases like the present, the sheriff is required to return the bond to the Court in which suit is brought, on the first day of the term to which the attachment is returnable. He is then to assign the bond to the plaintiff in the attachment, &c. when the latter "may bring a suit in his own name thereupon." The plaintiff may object to the sufficiency of the bond, and if he does not, the sheriff is no longer interested, and suit can only be brought in the name of the plaintiff. Rev. Stat. ch. 9, §§ 9, 10.

Admitting, however, for the sake of argument, that a suit may be brought in the name of the sheriff, as is allowed in cases of replevin bonds, indemnity must then be given, if required. But this suit not being commenced for the use of any person, is within the control of the plaintiff in error, and he may have it dismissed on his own motion.

At a subsequent day of the term, the Court caused the following order to be entered.

ORDERED, that the writ of error be dismissed unless the plaintiff in error be indemnified by the giving of security for all the costs that may accrue on this writ of error. The bond for costs to be approved by the clerk of this Court, and filed on or before the first day of June next.

*Rule nisi.*